SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX
----------------------------------------X
IZAYA MALDONADO, by Parent and Natural Guardian,
LUIS MALDONADO

                               Plaintiff,

                 -against-

THE CITY OF NEW YORK, THE BOARD OF
EDUCATION OF THE CITY OF NEW YORK,
THE NEW YORK CITY DEPARTMENT OF
EDUCATION OFFICE OF PUPIL TRANSPORTATION,
THE PIONEER TRANSPORTATION CORPORATION,
JOHN DOE, individually and as bus driver,
JANE DOE, individually and as bus aide,
SUSAN ERBER, individually and as Regional
Superintendent of the District 75 Special
Education Program, LORRAINE SESTI,
individually and as Principal of P.S. 17X,
and J. RICHBERG, individually and as a
member of the Committee on Special Education
for Service District 75,

                               Defendants.
----------------------------------------X

Date Summons Filed: 7/24/2007

INDEX NO.: 17741-07

SUMMONS

TO THE ABOVE NAMED DEFENDANTS:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York). In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: White Plains, New York
       July 22, 2007

                                   By:   Marsh Menken & Weingarden pllc

                                   By: Mitchell I. Weingarden
                                   Attorney for the Plaintiff
                                   81 Main Street, Suite 305
                                   White Plains, New York 10601
                                   (914) 686-4456

```
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX
-------------------------------------------------X
IZAYA MALDONADO, by Parent and Natural Guardian, :
LUIS MALDONADO
                                Plaintiff,       :
                                                          COMPLAINT
            -against-                            :

THE CITY OF NEW YORK, THE BOARD OF               :
EDUCATION OF THE CITY OF NEW YORK,
THE NEW YORK CITY DEPARTMENT OF                  :
EDUCATION OFFICE OF PUPIL TRANSPORTATION,
THE PIONEER TRANSPORTATION CORPORATION,          :
JOHN DOE, individually and as bus driver,
JANE DOE, individually and as bus aide,          :
SUSAN ERBER, individually and as Regional
Superintendent of the District 75 Special        :
Education Program, LORRAINE SESTI,
individually and as Principal of P.S. 17X,       :
and J. RICHBERG, individually and as a
member of the Committee on Special Education     :
for Service District 75,
                                                 :
                                Defendants.
-------------------------------------------------X
```

Plaintiff, by his attorneys Marsh Menken & Weingarden pllc, alleges for his complaint as follows:

## INTRODUCTION

1. This is a suit for damages arising out of practices and policies of permitting, condoning, failing to investigate and failing to stop the abuse of students with disabilities in the transportation system provided by the New York City Public Schools (the "City"), and the acts so permitted, condoned, improperly investigated and unstopped. Such practices and policies constitute Negligence, Gross Negligence, Assault and the several and substantial Civil Rights violations set forth below.

2. By subjecting Plaintiff and other disabled children to abuse that is only imposed on children with disabilities, Defendants have violated the fundamental nondiscrimination mandates of the New York State Human Rights Law, the New York City Human Rights Law, Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §794 (Section 504), the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (ADA), 42 U.S.C. § 1983 and the equal protection and due process clauses of the 14th Amendment to the United States Constitution.

3. By depriving Plaintiff of a Free Appropriate Public Education, Defendants have violated the requirements of the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. (IDEA).

4. Luis Maldanado, father of Izaya Maldanado ("Izaya"), brings this Complaint against defendants for the brutal attacks and gross negligence suffered by Izaya Maldanado while in the custody and control of, and under the protection of, the defendants arising out of and caused by the violations referred to above.

5. Upon information and belief, each of the defendants captioned above (collectively, "the Defendants"), were responsible for decisions, policies, and practices, such as: permitting School Transportation for children with disabilities to be administered in an unlawful, inadequate and inappropriate manner; permitting children with disabilities to suffer abuse and negligence under improper and inadequate supervision; permitting transportation contractors to provide inadequate and unsafe equipment and supervision; allowing transportation contractors to improperly and negligently hire employees of, supervise employees of and maintain services provided; and, ignoring and covering up claims of the above and that disabled children have been the victims of physical abuse and gross negligence on buses provided by and through the New York City Board of Education and its affiliated entities and divisions, all of which led to attacks on and

maltreatment of Izaya,

6. Plaintiff asserts claims in this action for violation of Izaya's clearly established constitutional rights, including:

(a) the substantive due process right under the Fourteenth Amendment to the United States Constitution to be free from excessive force employed by government actors in a non-seizure, non-prisoner context;

(b) the right to equal protection of the laws under the Fourteenth Amendment; and

(c) the liberty interests under the Fourteenth Amendment: (I) to be let alone; (ii) to attend school without being physically abused, and (iii) to be afforded bodily security.

7. In addition to the above, defendants' conduct constitutes violations of the New York State Human Rights Law and the New York City Administrative Code.

8. As a result of defendants' unlawful, intentional, reckless, willful and/or negligent behavior, plaintiff has suffered physical injury and severe emotional distress. As such, plaintiff seeks compensatory damages, damages for emotional distress, punitive damages, reasonable costs, attorneys' fees and experts' fees.

## THE PARTIES

9. Izaya Maldonado is a minor child, born on August 19, 1999, who is severely autistic and has been classified by the New York City Board of Education as disabled. Izaya has severe cognitive impairments and requires close monitoring, supervision and attention for many routine behaviors. Izaya suffered the acts, omissions and injuries alleged while attending, and under the exclusive supervision, custody and control of, P.S. 17x, located at 778 Forest Avenue, Bronx, New York.

10. Luis Maldanado is Izaya's father and natural guardian ("Mr. Maldanado").

11. The New York City Department of Education (the "School District") is a political subdivision of the City and State of New York and a Local Education Agency charged with the responsibility of providing disabled students full and equal access to the public educational programs and activities offered in its district in compliance with the requirements of city, state and federal law. School District's responsibilities include administering the state system of public education. On information and belief School District receives federal financial assistance and is a public entity as defined in Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131(1) and is a program or activity receiving federal financial assistance as defined in Section 504 of the Rehabilitation Act of 1973 as amended, 29 U.S.C. § 794.

12. Defendant the New York City Department of Education Office of Pupil Transportation ("Dept. Of Transportation") is a political subdivision of the City and State of New York and is charged with the responsibility of providing disabled students transportation in compliance with the requirements of city, state and federal law. On information and belief Dept. Of Transportation receives federal financial assistance and is a public entity as defined in Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131(1) and is a program or activity receiving federal financial assistance as defined in Section 504 of the Rehabilitation Act of 1973 as amended, 29 U.S.C. § 794.

13. Defendant The Pioneer Transportation Corporation ("Pioneer") is, on information and belief, a contractor used by School District and Dept. Of Transportation to provide buses, drivers, aides and other transportation related services to disabled children. On information and belief Pioneer receives public monies from School District and/or Dept. Of Transportation.

14. Defendants John Doe and Jane Doe are unknown persons and intended to represent the

individual Bus Driver and Bus Aide referred to in the facts alleged herein.

15. Defendant Susan Erber ("Erber") is or was at all relevant times herein the Regional Superintendent of the District 75 Special Education Program.

16. Defendant Lorraine Sesti ("Sesti") is or was at all relevant times herein the Principal of P.S. 17x, located at 778 Forest Avenue, Bronx, New York.

17. Defendant J. Richberg ("Richberg") is or was at all relevant times herein a Member of the Committee on Special Education for Service District 75. All defendants other than Pioneer occasionally referred to collectively as the "School District Defendants."

18. On or about January 12, 2006, plaintiff timely served a Verified Notice of Claim upon all defendants. At least thirty days have elapsed since the service of such notice and adjustment or payment thereof has been neglected or refused.

## FACTS

19. Izaya suffered the acts, omissions and injuries alleged herein while under the custody, protection and control of the defendants as he was attending PS 17X located at 778 Forest Avenue, Bronx, New York and was being transported to and from PS 17X on public school buses provided by defendants.

20. In or about September of 2005, Izaya arrived home from school with one shoe. Mr. Maldanado was told by the bus aide that the other shoe somehow fell out of the School Bus window. Also in or about September of 2005, the bus aide told Mr. Maldanado that Izaya was on the School Bus with his pants down.

21. As a result of the two September 2005 events, Mr. Maldanado requested that the bus company make sure that Izaya was seated near the bus aide. As a result of his request, Mr.

Maldanado was promised that Izaya would be seated next to the bus aide when going to and from School.

22. On information and belief, on or about October 17, 2005, on the School Bus going to school, Izaya was seated in the front of the bus near the bus aide.

23. On information and belief, during that ride to school the bus aide moved Izaya to an unsupervised area toward the back of the bus.

24. On information and belief, on or about October 17, 2005, Izaya became completely naked on the school bus and was re-dressed by the bus aide.

25. Upon learning of the October 17, 2005 incident, Mr. Maldanado contacted the bus company and reported the incident.

26. On or about October 18, 2005, when Izaya arrived home on the school bus, he was found by his home attendant, completely naked, in the rear of the bus with his clothes and belongings scattered several rows of seats away.

27. Mr. Maldanado reported these incidents to Richberg and others representing the School District. Upon learning of the October 18, 2005 incident, Mr. Maldanado reported the incident to the bus company. During that telephone call Mr. Maldanado asked the bus company to provide a different bus for Izaya.

28. That evening, Mr. Maldanado wrote to Izaya's teacher in the communication notebook with which the teacher and Mr. Maldanado had daily communication regarding these incidents.

29. On or about October 19, 2005, the School Bus had not been changed, and Izaya's teacher called Mr. Maldanado to report that upon Izaya's arrival on the School Bus at school she had to pull up both his diaper and his pants.

30. After the October 19, 2005 incident, Mr. Maldanado informed the bus company and the

school that, until the bus was changed, he would be personally driving Izaya to and from school and that the School was not to allow Izaya on the School Bus.

31. On or about October 20, 2005, a mini-bus operated by the Amboy Bus Company was provided for Izaya's Transportation. Since the bus was changed, there have been no reports of similar incidents.

32. At the time of all of the above incidents, Izaya's New York City Board of Education Individualized Education Program recommended, among other things, that Izaya be transported on a "mini-bus."

33. At the time of the above incidents, the regular sized School Bus provided to Izaya also transported children who appeared to be in the 5th and/or 6th grades.

34. On information and belief, at the time of the above incidents, more than one other school bus servicing PS 17X, which did not transport 5th and/or 6th graders, was operating on a route which could have included Izaya.

35. On information and belief, the cost to the School District, the Dept. Of Transportation and to Pioneer of using and operating a full sized School Bus is significantly less, per pupil, than the cost of operating a properly staffed and operated mini-bus.

36. On information and belief, this economic motivation was a factor in the defendants' decisions, acts and omissions.

37. Upon information and belief, none of the School District Defendants ever conducted a formal investigation into the incidents alleged herein.

38. Nobody from P.S.17X or Service District 75 ever contacted Mr. Maldonado to inquire about Izaya's health, safety or well-being.

39. The defendants had actual knowledge of sexual and/or physical harassment against Izaya

and deliberately failed to investigate the cause of the harassment or to take measures to correct the harassment or prevent future harassment.

40.  Upon information and belief, the individual defendants named herein have legal and professional obligations as officers, superintendents, directors, teachers and social workers to cause parents and students attending school in the New York City School District #75 and P.S. 17X to be safe and protected from the acts herein complained of and each one respectively failed in his or her obligation.

41.  The defendants failure and refusal to investigate the incidents on October 17th, 18th and 19th, 2005, evinces a discriminatory failure to treat Izaya Maldonado as they would treat a non-disabled student who is able to articulate what happened to him/her

42.  Izaya experienced unwarranted sexual and physical harassment on the school bus which has resulted in anxiety, embarrassment and emotional trauma.

43.  These incidents have resulted in, among other things, plaintiff's ongoing psychological and emotional trauma, stress and embarrassment.

### FIRST OF ACTION AGAINST ALL DEFENDANTS
### Unlawful Discriminatory Practices and Retaliation
### New York City Human Rights Law
### NYC Administrative Code Section 8-107

44.  Plaintiff repeats and reasserts each and every allegation of the complaint, with the same force and effect as if herein set forth at length.

45.  On information and belief, by the acts alleged herein each of the defendants committed Unlawful Discriminatory Practices as defined in Title 8 of the Administrative Code of the City of New York.

46. The acts alleged herein damaged plaintiff in an amount to be determined at trial

47. On information and belief, defendants' acts and omissions as set forth above were due in whole or in part to plaintiff's disability.

48. As a proximate result of defendants' discrimination against plaintiff, plaintiff has suffered and continues to suffer substantial damages.

49. As a further proximate result of defendants' actions, plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

50. Defendants' conduct was outrageous and malicious, and was done with reckless indifference to plaintiff's protected civil rights, entitling plaintiff to an award of punitive damages and attorney's fees.

### SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
### Unlawful Discriminatory Practices and Retaliation
### New York State Executive Law - Executive Law Section 296(2)

51. Plaintiff repeats and reasserts each and every allegation of the complaint, with the same force and effect as if herein set forth at length.

52. On information and belief, by the acts alleged herein each of the defendants committed Unlawful Discriminatory Practices as defined in section 296 of the New York State Executive Law.

53. The acts alleged herein damaged plaintiff in an amount to be determined at trial.

54. On information and belief, defendants' acts and omissions as set forth above were due in whole or in part to plaintiff's disability.

55. As a further proximate result of defendants' actions, plaintiff has suffered and continues

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

to suffer substantial damages.

56. As a further proximate result of defendants' actions, plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

57. Defendants conduct was outrageous and malicious, and was done with reckless indifference to plaintiff's protected civil rights, entitling plaintiff to an award of punitive damages and attorney's fees.

### THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
#### Negligence/Gross Negligence

58. Plaintiff repeats and reasserts each and every allegation of the complaint, with the same force and effect as if herein set forth at length.

59. At all times relevant to this action, each of the individual defendants was (a) acting within the scope of her employment; (b) advancing the School District's, Dept. Of Transportation's and/or Pioneer's interests; and (c) unfit for the position each was holding.

60. The School District, Dept. Of Transportation and Pioneer each knew or should have known through the exercise of reasonable diligence that each of the individual defendants was unfit for his or her position and posed a danger to students attending, and being transported to and from, school.

61. There was a foreseeable risk of harm by the individual defendants of Izaya and other disabled students attending the school within the School District.

62. As a proximate cause of the School District's, Dept. Of Transportation's and Pioneer's negligence in hiring, recruiting, training, retaining and supervising its employees, plaintiff was injured by the acts and omissions discussed herein.

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

63. As a result of the acts and omissions discussed herein, the School District, Dept. Of Transportation and Pioneer are vicariously liable under the doctrines of agency and respondeat superior.

64. Plaintiff has been damaged as a result of the acts of defendants and are entitled to damages in an amount to be determined at trial, including, without limitation, compensatory damages, damages for emotional distress, and such other relief as the Court deems appropriate.

## FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### Violation of Section 504 of 29 U.S.C. § 794

65. Plaintiff repeats and reasserts each and every allegation of the complaint, with the same force and effect as if herein set forth at length.

66. Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 (Section 504), and the regulations promulgated thereunder, 34 C.F.R. Part 104, prohibits discrimination against persons with disabilities. Section 504 prohibits the exclusion from the participation in, or being denied the benefits of, or being subjected to discrimination under any program or activity receiving federal financial assistance.

67. Plaintiff is otherwise qualified and entitled to participate in the special education program and placements offered by the defendants to disabled children.

68. Defendants, and each of them, have violated plaintiffs' rights under Section 504 and the regulations promulgated thereunder by denying plaintiff the benefits of receiving full and equal access to a Free Appropriate Public Education and activities offered by the School District.

69. As a direct and proximate result of defendants' violation of Section 504, plaintiff has

suffered and continues to suffer injuries to his person, humiliation, anxiety, mental anguish, emotional distress, educational failure and damage to his reputation and personal relations in an amount to be ascertained according to proof at trial.

70. Plaintiff was forced to hire attorneys to represent him in this matter and should be awarded reasonable attorneys' fees and costs.

### FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### Violation of the Americans with Disabilities Act
### 42 U.S.C. § 12101 et seq.

71. Plaintiff repeats and reasserts each and every allegation of the complaint, with the same force and effect as if herein set forth at length.

72. Title II of the ADA, 42 U.S.C. § 12131 et seq. and the regulations promulgated thereunder, 28 C.F.R. Part 35, governing state and local governmental entities, protects persons from discrimination on the basis of disability by public entities. The ADA prohibits exclusion from participating in, or being denied the benefits of the services, programs, or activities of the public entity, or being subjected to discrimination of such entity.

73. The acts and omissions described above violate the prohibition against discrimination solely on the basis of disability.

74. Defendants, and each of them, have violated plaintiff's rights under the ADA and the regulations promulgated thereunder by denying him the benefits of the services, programs, and activities to which he is otherwise entitled from the School District.

75. As a direct and proximate result of the defendants' violation of the ADA, plaintiff has suffered and continues to suffer injuries to his person, pain, humiliation, anxiety, mental anguish, emotional distress, educational failure and damage to his reputation and personal

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

relations in an amount to be ascertained according to proof at trial.

76.     Plaintiff was forced to hire attorneys to represent him in this matter and he should be awarded reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 12133.

### SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### Failure to Report Child Abuse and Maltreatment
### In Violation of New York Social Services Law § 411 et. seq.

77.     Plaintiff repeats and reasserts each and every allegation of the complaint, with the same force and effect as if herein set forth at length.

78.     New York's child protective services law is designed to prevent abused and maltreated children from suffering further injury and impairment. A fundamental goal of this statutory scheme is to encourage more complete reporting of suspected child abuse and maltreatment in order to protect children from further abuse or maltreatment and provide rehabilitative services for the child and parents involved.

79.     School officials, social services workers, mental health professional, registered nurses and others are required to report or cause a report to be made of suspected child abuse and maltreatment.

80.     Any person, official or institution required by law to report a case of suspected child abuse or maltreatment who knowingly and willfully fails to do so is civilly liable for the damages proximately caused by such failure.

81.     The defendants, collectively and individually, willfully failed to report the abuse and maltreatment of Izaya in accordance with New York state law.

82.     The defendants acted with deliberate indifference to Izaya's abuse and maltreatment.

83.     Defendants knew or should have known of the abuse and maltreatment but failed to

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

provide or recommend appropriate treatment and failed to notify others as required by New York state law regarding the incidents of abuse and maltreatment.

## SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### Violation of 42 U.S.C. § 1983

84. Plaintiff repeats and reasserts each and every allegation of the complaint, with the same force and effect as if herein set forth at length.

85. Defendants violated plaintiff's clearly established constitutional rights, including:

(a) the substantive due process right under the Fourteenth Amendment to the United States Constitution to be free from excessive force employed by government actors in a non-seizure, non-prisoner context;

(b) the right to equal protection of the laws under the Fourteenth Amendment; and

(c) the liberty interests under the Fourteenth Amendment: (I) to be let alone; (ii) to attend school without being physically abused; and (iii) to be afforded bodily security.

86. Defendants are liable for their inaction and their willful, deliberate and reckless indifference to Izaya's safety and clearly established constitutional rights.

87. Plaintiff's injuries were caused as a result of the conduct and policies and practices of the defendants. Defendants acted with such deliberate indifference and willful and reckless disregard that their conduct and policies foreseeably resulted in the aforesaid violation of plaintiffs' constitutional rights. Upon information and belief, such conduct, policies and practices included:

(a) inadequate recruitment, hiring, training, retention, supervision or discipline of contractors, teachers, administrators, drivers, bus-aides, and other employees;

(b) failure to investigate and report criminal misconduct, abuse and maltreatment of disabled children by employees and/or contractors in a timely fashion; and

(c) failure to provide for the safety and security of disabled students and to protect them from criminal misconduct of, and maltreatment and abuse by contractors, teachers, administrators, drivers, bus-aides, and other employees.

88.  Plaintiff has been damaged as a result of acts of defendants, and is entitled to damages, including without limitation, compensatory damages, damages for emotional distress, punitive damages, attorneys' fees, experts' fees and such other relief as the Court deems appropriate.

WHEREFORE, plaintiffs pray that judgment be entered:

1.  For actual and compensatory damages in an amount to be ascertained according to proof, but in no event less than $500,000.

2.  For punitive damages in an amount sufficient to punish defendants and deter others from like conduct, but in no event less than $1,000,000.

3.  Prejudgment interest;

4.  Attorneys' fees and costs; and,

5.  Such other and further relief as this Court deems just and proper.

Dated: July 22, 2007
White Plains, New York

Marsh Menken & Weingarden pllc
Attorneys for Plaintiff

By _____
Mitchell I. Weingarden
81 Main Street, Suite 305
White Plains, NY 10601
(914) 686 - 4456