**MARSH MENKEN & WEINGARDEN, PLLC**
**Attorneys for Plaintiff**
**81 Main Street, Suite 305**
**White Plains, New York 10601**
**Phone (914) 686-4456**
**Mitchell I. Weingarden (MW0294)**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X
```
                                                          )
IZAYA MALDONADO, by Parent and Natural Guardian,          )
LUIS MALDONADO                                            )
                                    Plaintiff,            )
                    -against-                             )  Case No.
                                                          )   (JSR/DF)
THE CITY OF NEW YORK, THE BOARD OF DUCATION OF THE        )
CITY OF NEW YORK, THE NEW YORK CITY DEPARTMENT OF         )   AFFIRMATION
EDUCATION OFFICE OF PUPIL TRANSPORTATION, THE PIONEER     )   OF MITCHELL
TRANSPORTATION CORPORATION,JOHN DOE, individually and     )   WEINGARDEN
as bus driver,JANE DOE, individually and as bus aide,     )   IN SUPPORT
SUSAN ERBER, individually and as Regional Superintendent  )   OF MOTION
of the District 75 Special Education Program,             )   TO REMAND
LORRAINE SESTI,individually and as Principal of P.S.17X   )
and J. RICHBERG, individually and as a                    )
member of the Committee on Special Education              )
for Service District 75,                                  )
                                    Defendants.           )
```
-------------------------------------------------------------------------X

I, Mitchell I. Weingarden, an attorney at law of the State of New York, states under penalty of perjury as follows:

1.    I make this affidavit on personal knowledge in support of plaintiff's motion, pursuant to 28 U.S.C. §§ 1446, 1447, for an order remanding this action to New York Supreme Court, Bronx County due to its improper removal.

2.    28 U.S.C. 1446 (b) provides in pertinent part that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ..."

3.    Defendants' Notice of Removal asserts at paragraph 6 that "[i]n a recent telephone conversation with defendant THE PIONEER TRANSPORTATION CORPORATION it was learned that it was served with the Summons and Complaint on October 4, 2007. This Notice of Removal will therefore have been filed within thirty (30) days after the receipt of the Summons and Complaint by the Pioneer Transportation Corporation herein."

4.    Attached to the defendants' Notice of Removal as Exhibit D are plaintiff's affidavits of service of the Summons and Complaint in this action.   There appears to be no dispute that the New York City defendants were served, and received copies of the pleading, well before 30 days prior to serving the Notice of Removal, and the annexed affidavits of service evidence that they were and did. The defendants apparently rely on the statement referred to in the paragraph above to establish that the last served defendant timely filed its Notice of Removal.

## SERVICE AND RECEIPT OF THE SUMMONS AND COMPLAINT

5.    The affidavit of service of the Summons and Complaint on the Pioneer Transportation Company ("Pioneer"), also annexed to defendants' Notice of Removal in Exhibit D, shows service of the Summons and Complaint on Pioneer completed on July 31, 2007 by service upon the New York State Secretary of State ("NYSOS"), and bears a filing stamp showing that it was filed with the Bronx County Clerk's office on August 6, 2007.   We respectfully submit service on Pioneer was properly completed and personal jurisdiction over them obtained.

6.    Plaintiff has ascertained from the NYSOS's office that the Summons and Complaint served upon Pioneer was undeliverable and returned to their office due to Pioneer's failure to update its address in the official, lawfully required filings.  Annexed to this affidavit as Exhibit 1 is information presently on file with the NYSOS obtained from the New York State Division of Corporations Entity Information web site[1].

7.    Plaintiff does not dispute that defendant did not receive the Complaint on or about July 31, 2007 or August 6, 2007 as a result of plaintiff's jurisdictionally effective service through the Secretary of State.

8.    Plaintiff cannot establish with any certainty the precise date on which Pioneer received the Complaint in this matter.

9.    As discussed in the accompanying memorandum it appears that defendants rely on the line of cases differentiating "service" from "receipt" of the complaint for the purpose of analysing the timeliness of a Notice of Removal.  For the reasons stated in the accompanying memorandum, we respectfully submit that such reliance is misplaced.

## THE COMPLAINT

10.    The complaint alleges that plaintiff, Izaya Maldonado, an eight year old child who is severely autistic and has been classified by the New York City Board of Education as disabled, suffered serious and permanent injury while attending, and due to the acts and omissions of, school operated by the New York City Board of Education.  A copy of the Complaint is annexed to defendants' Notice of Removal.

---

[1]Your affiant confirmed by telephone with the NYSOS's information desk that the information annexed is the latest information actually on file with the NYSOS.

11.    The complaint further alleges that some of those acts and omissions occurred on and were related to Izaya's bus transportation to and from school.  The bus service was owned and operated, and the bus monitor and driver were hired, trained and supervised, by Pioneer.

12.    Plaintiff's complaint alleges unlawful discriminatory practices and retaliation under both the New York City Human Rights Law, NYC Administrative Code Section 8-107, and the New York State Executive Law - Executive Law Section 296(2), negligence, gross negligence, failure to report child abuse and maltreatment In violation of New York Social Services Law § 411 et. seq., discrimination under Section 504 of 29 U.S.C. § 794 and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and the violation of plaintiff's constitutional rights.

13.    Plaintiff does not dispute this Court's jurisdiction under the Federal Question doctrine, 28 U.S.C. §1331, however asserts that the primary causes of action in this case are under New York state law, and we have been informed by defendants' counsel that it is their intention to move to dismiss the federal claims in any event.


## ADDITIONAL FACTS RELEVANT TO THE MOTION

14.    In  October 2005 plaintiff's father informed Pioneer on multiple occasions that the acts alleged in the complaint were occurring.

15.    On or about January 12, 2006, plaintiff served a Verified Notice of Claim upon all New York City defendants.

16.    Your affiant was informed during a telephone call on November 29, 2007 with Michael Reder, Claim Specialist for the City of New York Office of the Comptroller, that

in or near March of 2006 he mailed to Pioneer a copy of the Verified Notice of Claim together with other documents relating to New York City's contractual relationship with Pioneer (including a notice regarding insurance claims and a notice that New York City was going to withhold payments on its contract). The address for Pioneer in New York City's file at that time was different from the address filed with the NYSOS.

17.    While I have no actual knowledge of the following, I strongly believe that it is likely that the contract between Pioneer and New York City addresses the issue of service of process in matters such as those alleged in the complaint and may, in fact, appoint New York City Pioneer's agent for such service.

18.    On July 17, 2006, in White Plains, a "50-h" hearing was held during which plaintiff's father was deposed by counsel for the New York City defendants. During the hearing the fact that Pioneer Transportation was the bus service provider was placed on the record.

19.    On August 15, 2007, after receiving plaintiff's summons and complaint, the City of New York Law Department Early Intervention Unit requested in writing an adjournment of its time to answer the complaint for the purpose of investigating 'the availability of an insurance takeover defendant. Copy of the August 15 letter and my response are annexed hereto as Exhibit 2.

20.    Despite telephone calls to the City of New York Law Department I was unable to obtain any information as to what steps were taken in furtherance of that investigation. Once again, while I have no actual knowledge of same I strongly believe that it is likely that Pioneer and/or its insurance carrier were provided with copies of the Summons and Complaint soon after the "investigation" was commenced.

## REQUEST FOR COSTS AND ATTORNEY'S FEES

21.    Plaintiff respectfully requests costs and fees pursuant to 28 U.S.C. §1447.

## REQUEST FOR DISCOVERY

22.    Should the Court deny the instant motion, plaintiff respectfully requests pursuant

to 28 U.S.C. §1447 an order granting plaintiff limited discovery on the issues relevant to

this motion as discussed above in, inter alia, paragraphs 17 and 20.

## CONCLUSION

23.    For the reasons set forth herein and in the accompanying memorandum, plaintiff

respectfully submits that defendants should not be permitted to benefit from Pioneer's

failure to comply with New York States Business Corporation Law, should be estopped

from denying timely receipt of the summons and complaint, should be found to have

constructively or actually received the summons and complaint and therefore

defendants' Notice of Removal was not timely.

24.    In the alternative, plaintiff requests an order permitting limited discovery on the

issues relevant to this motion.

Dated: White Plains, New York
       December 5, 2007

Mitchell I.  Weingarden

# EXHIBIT 1

# NYS Department of State

## Division of Corporations

### Entity Information

Selected Entity Name: PIONEER TRANSPORTATION CORP.

Selected Entity Status Information

| | |
|---|---|
| **Current Entity Name:** | PIONEER TRANSPORTATION CORP. |
| **Initial DOS Filing Date:** | DECEMBER 13, 1973 |
| **County:** | NASSAU |
| **Jurisdiction:** | NEW YORK |
| **Entity Type:** | DOMESTIC BUSINESS CORPORATION |
| **Current Entity Status:** | ACTIVE |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
CUTTER MILL BUS SERVICE, INC.
98 CUTTER MILL RD.
GREAT NECK PLAZA
NO HEMPSTEAD, NEW YORK, *

**Registered Agent**

NONE

NOTE: New York State does not issue organizational identification numbers.

<u>Search Results</u>          <u>New Search</u>

<u>Division of Corporations, State Records and UCC Home Page</u>   <u>NYS Department of State Home Page</u>

# EXHIBIT 2

# Marsh Menken & Weingarden pllc

81 Main Street, Suite 305
White Plains, New York 10601

P - 914-686-4456
F - 914-686-0168
www.mmwlaw.us

August 23, 2007

Paulette Creightney, Esq.
The City of New York Law Dept.
Early Intervention Unit, Room 4-111-D
100 Church Street
New York, NY 10007

Re:    Izaya Maldanado  v.  City of New York, et al.
       Supreme Court, Bronx County Index No.  17741/07
       City File No.  06TT002942

Dear Ms.  Creightney:

We are in receipt of your letter dated August 15, 2007, in which you request an extension of time
up to and including October 22, 2007 to answer the complaint in this action.  While we are happy
to work with you, we feel that the length of the extension requested is excessive.  We therefore
agree to, and hereby do, grant you an extension of time up to and including September 17, 2007
for New York City, the Board of Education and the Office of Pupil Transportation to answer the
complaint in this action.

Please feel free to call me to discuss this matter.

Very truly yours,

Mitchell I.  Weingarden

*17741-07*



THE CITY OF NEW YORK

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

PAULETTE CREIGHTNEY
Phone: (212) 788-0572
Fax: (212) 788-0605

August 15, 2007

Attn. Marsh Menken & Weingarden, PLLC
81 Main Street, Suite 305
White Plains, NY 10601

**RE: IZAYA MALDONADO, by Parent and natural guardian LUIS MALDONADO vs.
THE CITY OF NEW YORK, THE BOARD OF EDUCATION OF THE CITY OF NEW
YORK, THE NEW YORK CITY DEPARTMENT OF EDUCATION OFFICE OF PUPIL
TRANSPORTATION**

City File #: 06TT002942

> In order to investigate the availability of an insurance takeover defendant, THE CITY OF
NEW YORK and THE DEPARTMENT OF EDUCATION s/h/a/ THE BOARD OF
EDUCATION OF THE CITY OF NEW YORK, the NEW YORK CITY DEPARTMENT OF
EDUCATION OFFICE OF PUPIL TRANSPORTATION request an extension of time up to and
including October 22, 2007 to answer the above referenced Summons and Complaint. Unless
otherwise informed by you, your receipt of this request will be deemed consent.

> Thank you for your cooperation.

Sincerely yours,

*Paulette Creightney*

Paulette Creightney
Early Intervention Unit
Tort Division, Rm. 4-111-D

**MARSH MENKEN & WEINGARDEN, PLLC**
**Attorneys for Plaintiff**
**81 Main Street, Suite 305**
**White Plains, New York 10601**
**Phone (914) 686-4456**
**Mitchell I.  Weingarden (MW0294)**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------------------------X
                                                                                                )
IZAYA MALDONADO, by Parent and Natural Guardian,                                                )
LUIS MALDONADO                                                                                  )
                                                      Plaintiff,                                )
                        -against-                                                               )  Case No.
                                                                                                )    (JSR/DF)
THE CITY OF NEW YORK, THE BOARD OF DUCATION OF THE                                              )
CITY OF NEW YORK, THE NEW YORK CITY DEPARTMENT OF                                               )
EDUCATION OFFICE OF PUPIL TRANSPORTATION, THE PIONEER                                           )
TRANSPORTATION CORPORATION,JOHN DOE, individually and                                           )
as bus driver,JANE DOE, individually and as bus aide,                                           )
SUSAN ERBER, individually and as Regional Superintendent                                        )
of the District 75 Special Education Program,                                                   )
LORRAINE SESTI,individually and as Principal of P.S.17X                                         )
and J. RICHBERG, individually and as a                                                          )
member of the Committee on Special Education                                                    )
for Service District 75,                                                                        )
                                                      Defendants.                               )
-----------------------------------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT

## OF MOTION TO REMAND

## Table of Authorities

1015 Half Street Corporation v. Warehouse Concepts,
No. 99-1174 (SSH), 1999 WL 1212885, at 2 (DC DC 1999)............................................7

*Burton v. Pauv*, No. 90-4688(JFK), 1990 WL 160893, (S.D.N.Y. Oct. 16, 1990)...........6

*Fernandez v. Hale Trailer Brake & Wheel*, 332 F.Supp 2d 621 (SDNY 2004).......... 4,5,7

*Glatzer v. Hanley*, No. 06-15347(DC), 2007 WL 1334971 (SDNY May 8, 2007)............5

In Re Pfohl Brothers Landfill Litigation, 67 F. Supp 2d 177 (WDNY 1999)......................4

*Jonathan Pepper Company v. Hartford Casualty Insurance Company*,
381 F. Supp.2d 730 (ND Ill 2005)......................................................................................7

*Liberty Mutual Insurance Company v. Bayer Corporation*,
No. 02-343-GMS, 2002 WL 1467331 (D.Del. July 8, 2002)......................................... 6

*Recyclers Consulting Group, Inc. v. IBM-Japan, Ltd.*,
No. 96-2137(JFK), 1997 WL 615014 (SDNY 1997) ...................................................6,9

*Rowland v. Giftcertificates.com, Inc.*, 195 F.Supp.2d 509 (SDNY 2002)......................9

*Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 61 S.Ct. 868,
85 L.Ed. 1214 (1941)......................................................................................................6

*Sostre v. Century Products*, 1998 WL 765173 (SDNY 1998).......................................8

*Turner v. Buske Lines, Inc.*, No. 1:06-0155-DFH-WTL,
2006 WL 566108 (SD Ind. March 7, 2006 ) ................................................................9

*Wagner V.express Scripts, Inc.,*.No. 04 Civ.1018 (WHP),
2004 WL 1052780 (SDNY May 11, 2004) ....................................................................5

*Yellow Book of New York v. Weiss*, 843 N.Y.S.2d 190 (N.Y.A.D. 2nd Dept, 2007) ......10

## Introduction

Plaintiff moves, after receipt of defendants' Notice of Removal, to remand this action back to the Supreme Court of the State of New York, County of the Bronx, for costs and fees or, in the alternative, for appropriate and limited discovery.

Plaintiff submits that defendant Pioneer Transportation Corporation which, for the purposes of this motion we will deem the "last served defendant," received the pleading in this case either actually or constructively more than 30 days prior to its filing of its Notice to Remove, or should be estopped from denying same, and therefore said notice is untimely.

## Procedural History and Relevant Facts

Plaintiff Izaya Maldonado is an eight year old boy with profound disabilities, including autism and mental retardation. During the 2005 - 2006 school year plaintiff attended New York's Public School 17 under an Individualized Education Program which included public transportation on a "mini bus" with proper supervision. In October of 2005 Izaya was the victim of vicious and traumatic acts while in the custody and under the control of the Public School and its transportation contractor, Pioneer Transportation Corporation ("Pioneer"), the complete details of which are unknown due to Izaya's inability to fully communicate. Among the facts that are known are Izaya's arrival on the school bus naked while belted into a seat with his clothes and books strewn about the bus, and the

trauma and changed behavior that resulted. The facts alleged in the complaint include New York City's failure to provide proper transportation - the bus was not a "mini bus" but a lower cost full size bus with normally developing older children and insufficient supervision - and the negligence, gross negligence and other violations of law and plaintiff's rights committed by the defendants. On multiple occasions in October of 2005 plaintiff's father called Pioneer and the other defendants to complain about his son's treatment.

On or about January 12, 2006, plaintiff served a Notice of Claim upon all New York City defendants and in or about March of 2006 a New York City employee in the Office of the Comptroller mailed to Pioneer a copy of the Notice of Claim together with other documents relating to New York City's contractual relationship with Pioneer (including a notice regarding insurance claims and a notice that New York City was going to withhold payments on its contract). Plaintiff has not had access to the contract and cannot establish what, if any, language it contained which might be relevant to the issues addressed in this motion. The address for Pioneer in New York City's file at that time was different from the address filed with the New York State Department of State at that time and at the time the complaint in this action was served.

On July 17, 2006, in White Plains, a "50-h" hearing was held during which plaintiff's father was deposed by counsel for the New York City defendants. During the hearing the fact that Pioneer Transportation was the bus service provider was placed on the record.

2

The summons and complaint in this action were duly served on the City of New York and the Board of Education of the City of New York on August 2, 2007.   The summons and complaint was duly on Pioneer, through the New York State Secretary of State ("NYSOS") on July 31, 2007 and the affidavit of service therefor was filed with the Bronx County Clerk on August 6, 2007.

On August 15, 2007, after receiving plaintiff's summons and complaint, the City of New York Law Department Early Intervention Unit requested in writing an adjournment of its time to answer the complaint for the purpose of investigating 'the availability of an insurance takeover defendant.   Plaintiff is not able to establish whether or when New York City provided a copy of the complaint to Pioneer or Pioneer's non-governmental authorized agent.

The Summons and Complaint served upon Pioneer through the NYSOS was undeliverable and returned to their office due to Pioneer's failure to update its address in the official, lawfully required filings.   On or about November 5, 2007 Pioneer filed its Notice to Remove the proceeding to this Court. Pioneer, through its counsel, asserts that "it was served with the Summons and Complaint on October 4, 2007" and that its "Notice of Removal will therefore have been filed within thirty (30) days after the receipt of the Summons and Complaint by the Pioneer Transportation Corporation..."   Plaintiff cannot

3

establish with any certainty the actual date Pioneer received a copy of the pleading in this action.

## Legal Argument

The law uniformly places the burden of establishing the propriety of removal on the removing party and resolves all doubts regarding the propriety against removal.

"Because federal courts are courts of limited jurisdiction, and as removal of a case raises issues of federalism, removal statutes are narrowly construed and doubts are resolved against removal." *In Re Pfohl Brothers Landfill Litigation*, 67 F. Supp 2d 177, 181 (WDNY 1999), *citing, Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1045-46 (2nd Cir. 1991).

If the plaintiff challenges the removal through a motion to remand, the party seeking to remove the case bears the burden of establishing that removal is proper. *Fernandez v. Hale Trailer Brake & Wheel*, 332 F.Supp 2d 621, 623 (SDNY 2004), *citing Mehlenbacher v. Akzo Nobel Salt, Inc.* 216 F.3d 291, 296 (2d Cir. 2000); *United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc* ., 30 F.3d 298, 301 (2d Cir. 1994).

4

"The removing party bears the burden of establishing by 'competent proof' that removal was proper."  *Wagner V.express Scripts, Inc.,* .No. 04 Civ.1018 (WHP), 2004 WL 1052780, at 2  (SDNY May 11, 2004), *citation omitted.*

I.  Jurisdiction

Allowing that this Court has lawful jurisdiction over this matter based upon the complaint's allegations of defendants' various violations of federal law, while asking the Court to take into consideration as a factor in its determination the fact that the primary causes of action in the complaint are State claims and that the defendants plan on moving this Court to dismiss the federal claims, plaintiff does not contest the removal of this action on jurisdictional grounds.

II.  First Served/Last Served Defendant

Although there has been much discussion and argument in multiple defendant cases regarding whether the time requirement under 28 U.S.C. 1446 begins to run upon the first served defendant's receipt of the pleading or the last served defendant's receipt of the pleading we have been unable to find any case in this circuit supporting the first served defendant approach.  *See, Fernandez v.  Hale Trailer Brake & Wheel*, 332 F.Supp 2d 621,623 (SDNY 2004) (finding that the "'last-served defendant rule is the most sound approach"); *Glatzer v.  Hanley*, No.  06-15347(DC), 2007 WL 1334971, at 2-3 (SDNY May 8, 2007).  Still, it does not appear that the 2nd Circuit has ruled on this issue and we

5

ask this Court to consider the cases with contra holdings for its own position on this matter. *See, Liberty Mutual Insurance Company v. Bayer Corporation*, No. 02-343-GMS, 2002 WL 1467331, at 2 (D.Del. July 8, 2002), *citing, inter alia, Quinones v. Minority Bus Line Corp.* 1999 U.S. Dist Lexis 5381, at 5 (SDNY April 19, 1999) for the contra point.

III. Timeliness of Notice to Remove

28 U.S.C. 1446 (b) provides in pertinent part that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ..."

"The 'time limitations of removal statutes are to be strictly observed,' *Burton v. Pauv*, No. 90-4688(JFK), 1990 WL 160893, at *1 (S.D.N.Y. Oct. 16, 1990), and courts are to construe removal statutes strictly and against removal. *See Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941)." *Recyclers Consulting Group, Inc. v. IBM-Japan, Ltd.,* No. 96-2137(JFK), 1997 WL 615014, at 2 (SDNY 1997).

Plaintiff concedes that it is current law that receipt of the pleading and not service of the pleading controls in determining the timeliness of a Notice of Removal. Plaintiff further

6

concedes that it is current law that a "statutory agent's" receipt of the pleading does not satisfy this requirement. See, *Fernandez v. Hale Trailer Brake & Wheel*, 332 F.Supp 2d 621, 623,624 (SDNY 2004)

We do not concede that Pioneer did not actually receive the pleading prior to the date alleged. We suggest that it is likely that it did, under several scenarios.

A. Based on the known facts it is likely that Pioneer actually received a copy of the complaint in this action through New York City or its insurance carrier prior to the date it alleges it was "served" with the complaint. Even one day prior to that date would cause the Notice of Removal to have been untimely.

B. The case law differentiates a statutory agent from an agent "hand picked" by a corporation to receive its process. See, *Recyclers Consulting Group, Inc. v. IBM-Japan, Ltd.,* No. 96-2137(JFK), 1997 WL 615014, at 4 (SDNY 1997) ("The Court finds that service on a defendant's designated agent, as opposed to a statutory agent, is a significant distinction"); *Jonathan Pepper Company v. Hartford Casualty Insurance Company*, 381 F. Supp.2d 730, 731-732 (ND Ill 2005); 1015 Half Street Corporation v. Warehouse Concepts, No. 99-1174 (SSH), 1999 WL 1212885, at 2 (DC DC 1999). We respectfully submit that the clear weight of the evidence suggests that at least one and more likely two "hand-picked" agent(s) actually received a copy of the complaint well before Pioneer alleges its receipt. The New York City Board of Education as

Pioneers client and customer was, in all likelihood, appointed agent for service of process in regard to claims arising due to their contractual relationship. In addition, the weight of the evidence suggests one or more of Pioneer's insurance carriers actually received a copy of the pleading outside its time frame for removal.

C.  Pioneer should be estopped from claiming non-receipt, or should be considered to have constructively received the complaint, due to its failure to comply with New York law and regulation regarding updating its service address with the Secretary of State. Perhaps most importantly, Pioneer should not be permitted to benefit from its own failure to obey the law.  Such a holding would seem to be against public policy and all of the equities. The Court in  *Rowland v. Giftcertificates.com, Inc* ., 195 F.Supp.2d 509, (SDNY 2002), dealt with the issue of the timeliness of a notice of removal in a situation where a defendant would benefit from its failure to comply with law.  At page 512, the Rowland Court states that "Defendant will prevail if (a) Defendant's failure to receive the November 11, 2001 service of process was not the result of some dereliction on its part, such as a failure to provide for the forwarding of its mail by the Postal service, (b) Defendant did not violate a statutory duty or obligation or obligation that prevented its timely receipt of the November 11, 2001 service of process, and (c) Defendant did not receive the summons and complaint under a theory of constructive receipt" and goes on to analyze the facts of the case.  The "and" preceding the (c) in the above quote appears to mean that defendant must be able to establish that each of these failures

8

did not occur.  In finding that the defendant did not fail to receive the summons by mail due to its own failure, the court implicitly held that had the defendant's failure caused the breakdown in the sucessful service of process, plaintiff's motion to remand would suceed.  At  page 513.  The Court goes on to address plaintiff's equitable estoppel argument, asserted based on defendants "dereliction with respect to statutory obligations."  In analyzing the holding in *Sostre v. Century Products*, 1998 WL 765173 (SDNY 1998), the Rowland Court states that "[t]he negative implication of Sostre is that if a plaintiff complies with the laws regarding service of process, a defendant corporation's violation of a legal obligation that prevented it from receiving service of process may result in a finding that service of process was received at the time plaintiff first attempted service" (additional citation omitted).   Among several violations the Rowland Court addressed violation of New York State  Bus.  Corp.  Law § 408 which requires a corporation to provide a valid service address.  The defendant Pioneer in this case violated just such an obligation.   The Court in Rowland goes on to discuss *Recyclers Consulting Group, Inc. v. IBM-Japan, Ltd.,*   No.  96-2137(JFK), 1997 WL 615014 (SDNY 1997) in its analysis of plaintiff's argument that the defendant constructively possessed the complaint.

The court in *Turner v. Buske Lines, Inc.*, No.  1:06-0155-DFH-WTL 2006 WL 566108, at 3 (SD Ind.  March 7, 2006 ) addressed an issue similar although not identical to the one at bar, finding  "[a]s a matter of law, defendant has not offered any authority even

suggesting, let alone holding, that a plaintiff suing a foreign corporation is not entitled to rely on the information on file with the domestic state's corporation office.  If the information on file was out of date, it was the *defendant's* (emphasis in original) responsibility to keep it up to date (citation omitted)."    *See also, Yellow Book of New York v.  Weiss*, 843 N.Y.S.2d 190, 191 (N.Y.A.D. 2nd Dept, 2007).


Plaintiff respectfully submits that it was defendant Pioneer's obligation to provide a valid service address with the Secretary of State, and failing to do so should not be permitted to benefit from its failure.


Request for Costs and Attorney's Fees

Plaintiff respectfully requests costs and fees pursuant to 28 U.S.C. §1447.


Request for Discovery

plaintiff respectfully requests pursuant to 28 U.S.C. §1447 an order granting plaintiff limited discovery on the issues relevant to this motion.


**Conclusion**

For the reasons set forth herein and in the accompanying memorandum, plaintiff respectfully submits that defendants should not be permitted to benefit from Pioneer's failure to comply with New York States Business Corporation Law, should be estopped

from denying timely receipt of the summons and complaint, should be found to have constructively or actually received the summons and complaint and therefore defendants' Notice of Removal was not timely.   In the alternative, plaintiff requests an order permitting limited discovery on the issues relevant to this motion.

Dated:   White Plains, New York
         December 5, 2007


                                   Marsh Menken & Weingarden pllc

                                   By:_____
                                        Mitchell I. Weingarden (MW0294)
                                   Attorneys for plaintiff
                                   81 Main Street, Suite 305
                                   White Plains, New York  10601
                                   (914) 686-4456

11